PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH L. OLLIE, | ) CASE NO. 4:19-CV-2274 |
| Plaintiff, | ) JUDGE BENITA Y. PEARSON |
| v. | ) |
| WARDEN MARK WILLIAMS, *et al*., | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) [Regarding ECF Nos. 1, 2, 4) |

Pending before the Court is *pro se* Plaintiff Joseph Ollie's Complaint (ECF No. 1) and Motions For Leave to Proceed *in forma pauperis* (ECF Nos. 2, 4). Plaintiff, a federal prisoner incarcerated at FCI Elkton, brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants Warden Mark Williams, Assistant Warden Kulick, Medical Administrator Barnes, Dr. Dunlop, Physician Assistant Cavanaugh, Nurse Kerner, and J. Ray Ormond were deliberately indifferent to his medical needs in violation of the Eighth Amendment.

For the reasons that follow, this case is dismissed.

## I. Background

Plaintiff alleges that he filed a lawsuit in the Court of Common Pleas of Allegheny County, Pennsylvania involving the same facts as alleged in the Complaint, Docket Number 18-0007366 ("State Case"), and that the case is pending. ECF No. 1 at PageID #: 1-2. Defendants

(4:19CV2274)

in the State Case, Doctors Lubahn and Smith, are not defendants in this action. No other information is provided in the Complaint regarding the State Case.[1]

According to the Complaint, Plaintiff became ill at FCI Elkton in 2016 and reported his problems to sick call. *Id*. at PageID #: 5. In December 2018, he informed Defendant Dr. Dunlop that he was suffering from pain in his penis and had blood in his urine due to a cut or tear in his bladder. *Id*. Dunlop examined Plaintiff's penis and said it looked "ok[.]" *Id*. When Plaintiff reiterated his symptoms, Dunlop indicated that Plaintiff had been previously seen by an outside urologist.[2] *Id*. According to the urologist, Plaintiff did not have cancer but did have an enlarged gallstone and a cut or tear in his bladder. *Id*. at PageID #: 6. Plaintiff asked Dunlop if he could see a specialist again but Dunlop refused. *Id*. Plaintiff alleges that he asked Defendant Cavanaugh to treat him for blood in his urine and pain in his penis, but Cavanaugh refused. *Id*. Plaintiff also alleges that he told Cavanaugh that after he became diabetic, he experienced severe neuropathy in his right foot. *Id*. Plaintiff does not allege that he was denied treatment for diabetes. *See Id*.

---

[1] Given the limited information provided, the Court has no reason to find that it must abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

[2] Plaintiff acknowledges that he was seen on March 17, 2017 by Dr. Scrolier, the urologist on duty at Northeastern Ohio Urological Surgeons, Inc. Dr. Scrolier examined Plaintiff and told him that he did not have cancer, did have an enlarged prostate, did have a cut or tear in his bladder, and was missing a gland in his penis. By way of follow-up, Dr. Scrolier wrote an order that Plaintiff should have a urine sample checked again in six months; Plaintiff alleges that the prescribed follow-up did not occur. ECF No. 1 at PageID #: 7-8.

2

(4:19CV2274)

Plaintiff claims that he pursued his administrative remedies at FCI Elkton regarding his medical treatment. His grievances filed against Defendants Dunlop, Kerner, Cavanaugh, Williams, Kulick, and Barnes were all denied. *Id*. Plaintiff states that his appeals were denied by Defendant Ormond. *Id*. at PageID #: 7.[3]

Based upon these facts, Plaintiff asserts denial of medical care in violation of the Eighth Amendment. *Id*. Plaintiff further alleges that Kulick failed to take disciplinary action to stop the deliberate indifference and negligence of Dunlop, Cavanaugh, and Barnes who denied him surgery to address his bladder, penis pain and missing gland, nerve problems, and pain in his right foot. *Id*. at PageID #: 9. He states that Kulick's failure to discipline these medical personnel also constitutes a violation of his Eighth Amendment rights. *Id*. Plaintiff also claims that he was threatened with physical violence for seeking redress through the prison grievance system and that Defendant Williams retaliated against him in violation of his First Amendment rights. *Id*. The Complaint, however, is devoid of any factual allegations to support this conclusory claim.

For relief, Plaintiff asks that the Court declare that Defendants violated his constitutional rights, enjoin threatened or actual use of physical force to administer his insulin, and award compensatory and punitive damages. *Id.* at PageID #: 10.

---

[3] Plaintiff states that he attached the documentation regarding his grievances and appeals to the Complaint, but none appear in the record. Nevertheless, the Court will assume the truth of Plaintiff's allegations concerning his grievances and the administration's responses thereto.

3

(4:19CV2274)

## II.  Standard of Review

*Pro se* pleadings are liberally construed by the Court.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Notwithstanding, the district court is required under 28 U.S.C. § 1915(e)(2)(B) to review all *in forma pauperis* complaints and to dismiss before service any such complaint that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).  While some latitude must be extended to *pro se* plaintiffs with respect to their pleadings, the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff.  See *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Thomas v. Brennan*, 2018 WL 3135939, at *1 (N.D. Ohio June 26, 2018) (citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985) and *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).

In order to withstand scrutiny under § 1915(e)(2)(B), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Hill*, 630 F.3d at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B) and § 1915A).  The Court is not required to accept conclusory allegations or legal conclusions masquerading as factual allegations.  *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008); *see also Frazier v. Mich.*, 41 F. App'x

4

762, 764 (6th Cir. 2002) ("The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions.").

### III. Analysis

#### A. 42 U.S.C. § 1983/*Bivens*

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. As Plaintiff is a federal prisoner suing federal prison officials and employees, he has no viable claim under § 1983. The statute only provides a cause of action for alleged constitutional violations by defendants who act under color of state law. *See* 42 U.S.C. § 1983. In the spirit of liberal construction, the Court will construe Plaintiff's alleged constitutional violations as brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) (finding district court properly construed action as a *Bivens* action because plaintiff alleged he was deprived of a right secured by the United States Constitution by persons acting under color of federal law).

#### 1. Defendants Williams, Kulick, Barnes, and Ormond

*Bivens* provides federal prisoners with a limited cause of action against individual federal defendants alleged to have violated their constitutional rights. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001). "To be held liable under either 42 U.S.C. § 1983 or *Bivens*, a plaintiff must demonstrate 'that each government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Koch v. United States*, 2015 WL 5304314, at *2 (E.D. Ky. Sept. 8, 2015) (quoting *Ashcroft*, 556 U.S. at 676).

(4:19CV2274)

To the extent Plaintiff's claims against Defendants Warden Williams, Assistant Warden Kulick, and Medical Administrator Barnes are solely based upon their supervisory responsibilities, he fails to state a plausible claim upon which relief can be granted. It is well-established that *respondeat superior*, alone, cannot form the basis for liability in a *Bivens* action. *See Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003). In order for a supervisor to be liable under *Bivens*, the supervisory defendant must do "more than play a passive role in the alleged violation or [show] mere tacit approval of the goings on." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). No active unconstitutional conduct is alleged by Plaintiff as to Defendants Williams, Kulick, and Barnes with respect to his claimed denial of medical care.

Plaintiff does allege that Defendants Williams, Kulick, and Ormond denied his grievances and or appeals and failed to discipline defendant medical personnel whom he claims were deliberately indifferent to his medical needs. But the denial of a grievance alone does not constitute personal involvement in the underlying alleged unconstitutional conduct and is insufficient to establish liability. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) (finding that "[t]he denial of the grievance is not the same as the denial of a request to receive medical care"). Nor is a defendant liable for simply failing to act upon information concerning alleged deliberate indifference contained in a grievance. *See Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004); *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that an official's failure to act upon information contained in an administrative grievance regarding alleged deliberate indifference is not unconstitutional conduct).

(4:19CV2274)

Plaintiff fails to set forth any allegations that Williams, Kulick, Barnes, or Ormond engaged in active unconstitutional behavior, or that they authorized, approved, or knowingly acquiesced in unconstitutional conduct. Accordingly, Defendants Williams, Kulick, Barnes, and Ormond are dismissed from this action pursuant to § 1915(e).

**2. Defendants Dunlop, Cavanaugh, and Kerner**

With respect to Plaintiff's claims against medical personnel Defendants Dr. Dunlop, Physicians Assistant Cavanaugh, and Nurse Kerner, Plaintiff makes generalized allegations that they all refused him medical treatment and were deliberately indifferent to his medical needs in violation of the Eighth Amendment.

Eighth Amendment medical indifference claims consist of an objective component and a subjective component. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Prison officials or employees violate a prisoner's constitutional rights under the Eighth Amendment with regard to medical care only when they are "deliberately indifferent" (subjective component) to the prisoner's "serious medical needs" (objective component).[4] *Id*. "Deliberate indifference is characterized by obduracy or wantonness    it cannot be predicated on negligence, inadvertence, or good faith error." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012). To prove the required level of culpability, Plaintiff must allege facts suggesting the officials in question "(1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Jones v. Muskegon Cty.*,

---

[4] The Court assumes for the purpose of this analysis that Plaintiff's alleged medical conditions satisfies the objective component.

7

625 F.3d 935, 941 (6th Cir. 2010) (citations omitted). Allegations of medical malpractice or negligent diagnosis and treatment are insufficient to state a constitutional claim. *Jennings v. Al-Dabagh*, 97 F. App'x 548, 549-50 (6th Cir. 2004).

There are no facts set forth in the Complaint that reasonably suggest Dunlop, Cavanaugh, or Kerner were deliberately indifferent to Plaintiff's medical needs. Plaintiff's single allegation as to Defendant Kerner is that she was present when he was examined by Defendant Dunlop. ECF No. 1 at PageID #: 5. As to Cavanaugh, Plaintiff's only claim is that Cavanaugh refused his request to be treated for blood in his urine and pain in his penis; this conclusory allegation is insufficient to establish the subjective component of a deliberate indifference claim. *Id*.

With regard to his urologic complaints, Plaintiff acknowledges that he was referred to and seen by a urologist, who performed tests, diagnosed his condition, and recommended a urine test in six months. Where a prisoner receives some medical attention and the dispute is over the nature or adequacy of the treatment, federal courts are hesitant to "second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Rather, medical attention must be rendered so "woefully inadequate as to amount to no treatment at all." *Id*.; *see also Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

With respect to Plaintiff's claim that he was denied surgery, he does not allege that the specialist recommended surgery, that surgery was the standard of care for Plaintiff's medical complaints, or any other allegation from which the Court may infer that surgery was anything more than Plaintiff's preferred treatment. "An inmate's disagreement with the testing and

8

(4:19CV2274)

treatment he has received . . . does not rise to the level of an Eighth Amendment violation."
*Rhinehart v. Scutt*, 894 F.3d 721, 740 (6th Cir. 2018) (internal quotation marks and citation omitted). Plaintiff does not have a constitutional right to the care he prefers or that he believes is required.

With respect to Plaintiff's medical complaints concerning neuropathy in his foot and the requirement that he take medication to manage his diabetes, he also fails to state a plausible Eighth Amendment violation. Plaintiff's allegations, taken as true, indicate that he was receiving treatment for diabetes.

Plaintiff fails to state a plausible Eighth Amendment claim against Dunlop, Cavanaugh, and Kerner. Accordingly, those Defendants are dismissed from this action pursuant to § 1915(e).

**B**. **State Law Negligence Claim against Dunlop, Cavanaugh, and Barnes**

Plaintiff alleges that Defendants' failure to provide for surgery on his bladder, penis, and nerves constitutes negligence under Ohio law. ECF No. 1 at PageID #: 9. The Court has dismissed all of Plaintiff's federal claims and, there being no other basis for original jurisdiction, the Court declines to exercise supplemental jurisdiction over this state law claim. *See* 28 U.S.C. § 1367(c); *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997) (noting that a district court may decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all claims over which it possessed original jurisdiction).

Accordingly, Plaintiff's Ohio law claim for medical negligence is dismissed without prejudice.

(4:19CV2274)

### IV. Conclusion

For the foregoing reasons, Plaintiff's Eighth Amendment claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's state law negligence claim is dismissed without prejudice. Plaintiff's Motions For Leave to Proceed *in forma pauperis* (ECF Nos. 2, 4) are granted. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
|   March 23, 2020   |   */s/ Benita Y. Pearson*   |
| Date | Benita Y. Pearson |
| | United States District Judge |